UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| KAWAN WILLIAMS,<br><br>       Petitioner,<br><br>  vs.<br><br>JOHN MARSHALL,<br><br>       Respondent. | Civil No.    09-1426 JLS (WMc)<br><br>**REPORT AND RECOMMENDATION RE:**<br><br>**(1) DENIAL OF REQUEST FOR EVIDENTIARY HEARING; and**<br><br>**(2) DENIAL OF PETITION FOR WRIT OF HABEAS CORPUS** |
|---|---|

## I.   INTRODUCTION

Petitioner Kawan William, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his conviction San Diego County Superior Court case number SCD206784 for three counts of first degree robbery and one count of being a felon in possession of a firearm. (Pet. at 6-7, ECF No. 1; Lodgment No. 6 at 111-14.) The jury also found true allegations that the robberies were committed in an inhabited house, were committed in concert with another defendant, and that Williams personally used a firearm during the commission of the robberies. (*Id.*) The petition presents two claims. (*See* Pet. at 6-7, ECF No. 1; Mem of P. & A. Supp. Pet at 16-22, ECF No. 1-1.[1]) In his Traverse, Williams raises a third claim and asks for an evidentiary hearing. (*See* Traverse at 3, 17, 23-24, ECF No. 21.)

---

[1] For ease of reference, the Court will use the page numbers assigned by the Court's electronic filing system.

This case is before the undersigned Magistrate Judge pursuant to S.D. Cal. Civ. R. 72.1(d)(4) for Proposed Findings of Fact and Recommendation for Disposition. For the reasons set forth below, the Court respectfully recommends that Petitioner's request for an evidentiary hearing and the Petition be **DENIED**.

## II.   FACTUAL BACKGROUND

This Court gives deference to state court findings of fact and presumes them to be correct; Petitioner may rebut the presumption of correctness, but only by clear and convincing evidence. 28 U.S.C.. § 2254(e)(1) (West 2006); *see also Parke v. Raley*, 506 U.S. 20, 35-36 (1992) (holding findings of historical fact, including inferences properly drawn from these facts, are entitled to statutory presumption of correctness). The following facts are taken from the California Court of Appeal's opinion denying Williams' direct appeal of his convictions.

> On the morning of May 24, 2007, Richard Gonzalez was at home with two friends, Fathy Abdusalam and Manual Gastelum. Someone knocked on the door, and when Gonzalez went to the door a black male was there and offered to sell Gonzalez CD's. Gonzalez was not interested, but asked Gastelum if Gastelum wanted any CD's. Gastelum opened the screen door of the house, and when he did another shorter black male appeared and put a semi-automatic handgun on Gastelum's neck, and both black males forced their way into the house.
>
> Once inside the house, the shorter invader yanked gold chains off Gastelum's and Gonzalez's necks. The shorter invader then took Abdusalam's cell phone from the dining room table and demanded money. Next, the shorter invader handed his gun to the taller invader, who held the gun on the three victims while the shorter invader ransacked Gonzalez's sister's bedroom.
>
> At some point, the first two invaders were joined by a third participant who appeared to be Hispanic. The Hispanic-looking invader demanded money from Gonzalez and engaged Gonzalez in a verbal confrontation. Eventually, the Hispanic-looking invader and Gonzalez went into the back yard and began fighting. The fight permitted Gonzalez to run out a gate and into the street where he called to a neighbor for help. The neighbor called police. As he was running from the scene, Gonzalez saw a white Mustang parked in front of his house with a "chubby guy" sitting in the car. The neighbor also saw the Mustang and two black males and one other male get into the car and drive away.
>
> Approximately one-half hour later, police stopped a Mustang matching the description given to them by Gonzalez and his neighbor. Appellant Kawan Williams was driving the car and appellant Richard Alvin Bennett was a passenger. Inside the car, police found two gold necklaces with broken clasps. Inside Williams' pocket, the police found an ink cartridge similar to the one that had been in the bedroom ransacked during the invasion.
>
> At a curbside lineup, both Gonzalez and Gastelum positively identified Williams and Bennett as two of the three invaders. Gonzalez identified Bennett as the person who

came to this door selling CD's and Williams as the person who ransacked his sister's bedroom. Both Gonzalez and Gastelum identified the gold necklaces as ones taken during the robbery.

Abdusalam was also at the curbside lineup. He was not able to make any positive identification, but stated that Bennett looked like the taller robber who was selling CD's and Williams looked like the shorter robber.

Williams and Bennett were both charged with three counts of robbery, and in separate counts they were alleged to have been felons in possession of a fire arm.

Trial commenced on September 17, 2007, four months after the robbery. At trial Williams and Bennett moved to have the firearm possession charges tried after trial of the robbery counts. The trial court denied the motion to bifurcate, and in light of the trial court's ruling both appellants stipulated that at the time of the robbery they were both felons. Without describing the nature of appellant's felony convictions, the trial court instructed the jury that for purposes of considering the firearm possession charges appellants were felons.

At trial, both Gonzalez and Gastelum were unable to identify either Williams or Bennett. In particular, Gonzalez stated that he had not been able to positively identify appellants as the perpetrators at the curbside lineup. In light of Gonzalez's testimony, the trial court permitted the prosecution to call one of the detectives who was present at the curbside lineup. The detective testified that when he interviewed Gonzalez at Gonzalez's home, Gonzalez stated he would be able to identify the robbers if he saw them and that at the lineup Gonzalez positively identified Bennett as the robber who was selling CD's and Williams as the robber who went into his sister's bedroom.

(Lodgment No. 3 at 2-4.)

## III. PROCEDURAL BACKGROUND

On June 28, 2007, the San Diego County District Attorney filed an information charging Kawan Williams with three counts of first degree robbery (counts one, two and three), a violation of California Penal Code § 211 and one count of being a felon in possession of a firearm (count five).[2] As to counts one, two and three, the information also alleged that the robbery was committed in an inhabited dwelling, within the meaning of Penal Code § 212.5(a), that Williams acted in concert with another person during the commission of the robberies, within the meaning of Penal Code § 213(a)(1)(A), and that Williams personally used a firearm during the commission of the robberies, within the meaning of Penal Code § 12022.53(b). (Lodgment No. 6 at 7-10.)

Following a jury trial, Williams was convicted of all counts. (*Id.* at 111-14.) The jury also found true all the allegations as charged. (*Id.*) Williams was sentenced to twenty-six years, eight months in prison. (*Id.* at 115.)

---

[2] Williams had a co-defendant, Richard Alvin Bennett, who was also charged in counts one, two and three, and in count four with being a felon in possession of a firearm.

Williams appealed his conviction to the California Court of Appeal, which affirmed his conviction in a written, unpublished opinion. (*See* Lodgment Nos. 1-3.) Williams then filed a petition for review in the California Supreme Court in which he argued the trial court's refusal to accept a stipulation to the fact of his prior conviction outside the presence of the jury violated his right to a fair trial. (Lodgment No. 4.) Williams also joined in any claims made by his co-defendant Richard Bennett. (*Id.*) Bennett argued in his petition for review that the trial court erred by admitted Gonzalez's extrajudicial identification of Williams and Bennett. (Lodgment No. 8.) On April 27, 2009, the California Supreme Court denied both Williams and Bennett's petitions for review without citation of authority. (Lodgment No. 5.)

On June 30, 2009, Williams filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a Memorandum of Points and Authorities in Support of the Petition in this Court. (ECF Nos. 1, 1-1.) Respondent filed an Answer and Memorandum of Points and Authorities in Support of the Answer on December 18, 2009. (ECF Nos. 13, 13-1.) Williams filed a Traverse on June 9, 2010. (ECF No. 21.)

**IV. DISCUSSION**

A. *Standard of Review*

This Petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320 (1997). Under AEDPA, a habeas petition will not be granted with respect to any claim adjudicated on the merits by the state court unless that adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d); *Early v. Packer*, 537 U.S. 3, 8 (2002). In deciding a state prisoner's habeas petition, a federal court is not called upon to decide whether it agrees with the state court's determination; rather, the court applies an extraordinarily deferential review, inquiring only whether the state court's decision was objectively unreasonable. *Yarborough v. Gentry*, 540 U.S. 1, 4 (2003); *Medina v. Hornung*, 386 F.3d 872, 877 (9th Cir. 2004). Additionally, the state court's factual determinations are presumed correct,

///

1 and Williams carries the burden of rebutting this presumption with "clear and convincing evidence."
2 28 U.S.C.A. § 2254(e)(1) (West 2006).

3 A federal habeas court may grant relief under the "contrary to" clause if the state court applied
4 a rule different from the governing law set forth in Supreme Court cases, or if it decided a case
5 differently than the Supreme Court on a set of materially indistinguishable facts. *Bell v. Cone*, 535 U.S.
6 685, 694 (2002). The court may grant relief under the "unreasonable application" clause if the state
7 court correctly identified the governing legal principle from Supreme Court decisions but unreasonably
8 applied those decisions to the facts of a particular case. *Id.* Additionally, the "unreasonable application"
9 clause requires that the state court decision be more than incorrect or erroneous; to warrant habeas relief,
10 the state court's application of clearly established federal law must be "objectively unreasonable."
11 *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003).

12 Where there is no reasoned decision from the state's highest court, the Court "looks through"
13 to the underlying appellate court decision. *Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991). If the
14 dispositive state court order does not "furnish a basis for its reasoning," federal habeas courts must
15 conduct an independent review of the record to determine whether the state court's decision is contrary
16 to, or an unreasonable application of, clearly established Supreme Court law. *See Delgado v. Lewis*, 223
17 F.3d 976, 982 (9th Cir. 2000) (overruled on other grounds by *Andrade*, 538 U.S. at 75-76); *accord*
18 *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003). However, a state court need not cite Supreme
19 Court precedent when resolving a habeas corpus claim. *Early*, 537 U.S. at 8. "[S]o long as neither the
20 reasoning nor the result of the state-court decision contradicts [Supreme Court precedent,]" *id.*, the state
21 court decision will not be "contrary to" clearly established federal law. *Id.* Clearly established federal
22 law, for purposes of § 2254(d), means "the governing principle or principles set forth by the Supreme
23 Court at the time the state court renders its decision." *Andrade*, 538 U.S. at 72.

24 B. *Analysis*

25 Williams alleges two claims in his petition. First, Williams argues the trial court violated his
26 right to a fair trial when it refused to permit defense counsel to stipulate, outside the presence of the jury,
27 that Williams had been convicted of felonies for purposes the felon in possession of a firearm charge.
28 (Pet. at 6, ECF No. 1; Mem. of P. & A. Supp. Pet. at 17-20, ECF No. 1-1.) Second, he argues the trial

court erred by permitting evidence of his prior, out of court identification of Williams to be admitted. (Pet. at 7, ECF No. 1; Lodgment No. 8 at 2-8.) In his Traverse, Williams asks for an evidentiary hearing and raises a third claim, alleging there was insufficient evidence to support his conviction for being a felon in possession of a firearm. (Traverse at 3, 17-19, 23-26, ECF No. 21.)

As to both of Williams' claims, Respondent contends they do not raise a federal question. In the alternative, Respondent argues the state court's denial of the claims was neither contrary to, nor an unreasonable application of, clearly established Supreme Court law. (Mem. of P. & A. Supp. Answer at 8-17, ECF No. 13-1.)

1. *Request for an Evidentiary Hearing*

On page three and seventeen of Williams' Traverse, he contends he is entitled to an evidentiary hearing on his claims. (*See* Traverse at 3, 17, ECF No. 21.) Evidentiary hearings in § 2254 cases are governed by AEDPA, which "substantially restricts the district court's discretion to grant an evidentiary hearing." *Baja v. Ducharme*, 187 F.3d 1075, 1077 (9th Cir. 1999). The provisions of 28 U.S.C. § 2254(e)(2) control this decision:

> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that –
>
> (A) the claim relies on –
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C.A. § 2254(e) (2)(West 2006).

The Ninth Circuit has outlined the procedure for deciding whether to grant a request for an evidentiary hearing. First, the court must "determine whether a factual basis exists in the record to support the petitioner's claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 669 (9th Cir. 2005) (citing *Baja*, 187 F.3d at 1078). If not, the court must "ascertain whether the petitioner has 'failed to develop

factual basis of the claim in State court.'" *Id.* at 669-70. A failure to develop the factual basis of a claim in state court implies "some lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *See Williams v. Taylor*, 529 U.S. 420, 432 (2000). The Supreme Court has said that "[d]iligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law." *Id.* at 437. If the petitioner has failed to develop the factual basis for his claim in state court, "the court must deny a hearing unless the applicant establishes one of the two narrow exceptions set forth in section 2254(e)(2)(A) & (B)." *Insyxiengmay*, 403 F.3d at 669-70.

If, however, the petitioner "has not 'failed to develop' the facts in state court, the district court may proceed to consider whether a hearing is appropriate, or required under *Townsend [v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963)]." *Id.* at 670. In *Townsend*, the Court identified six situations in which a habeas petitioner would be entitled to an evidentiary hearing:

> (1) [T]he merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that state trier of fact did not afford the habeas applicant a full and fair fact hearing.

*Townsend*, 372 U.S. at 313.

Thus, if a petitioner has not failed to develop the factual basis for his claim, he is entitled to an evidentiary hearing in federal court if he meets one of the *Townsend* factors and makes allegations which, if true, would entitle him to relief. *See Insyxiengmay*, 403 F.3d at 670; *see also Gonzalez v. Pliler*, 341 F.3d 897, 903 (9th Cir. 2003).

In the present case, a sufficient factual basis exists in the record. The trial transcripts and other records provide enough information for the Court to resolve the merits of Williams' claims. *See Insyxiengmay*, 403 F.3d at 669-70. Even if this were not so, Petitioner would not be entitled to an evidentiary hearing because he failed to develop his claims in state court. There is no indication in the record that he requested an evidentiary hearing on his claims in state court. (*See* Lodgment Nos. 4, 8.) Accordingly, Williams' request for an evidentiary hearing is **DENIED**.

/ / /

2.      *Trial Court's Refusal to Permit the Defense to Stipulate Outside the Presence of the Jury*

Williams argues his federal constitutional right to a fair trial was violated when the trial court refused to permit him to either stipulate, outside the presence of the jury, that he had been convicted of a felony or bifurcate the trial on the felon in possession of a gun charge. Williams claims this prejudiced him in front of the jury by exposing his status as an ex felon. (Pet. at 6, ECF No. 1; Mem. of P. & A. Supp. Pet. at 19-21, ECF No. 1-1; Traverse at 19-23, ECF No. 21.)[3] Respondent first contends that this claim is matter of purely state law, for which federal habeas relief is unavailable. (Mem. of P. & A. Supp. Answer at 8-12, ECF No. 13-1.) Respondent also argues the state court's denial of the claim was neither contrary to, nor an unreasonable application of, clearly established Supreme Court law. (*Id.* at 12-15.)

Williams raised this claim in the petition for review he filed in the California Supreme Court on direct appeal, citing both federal and state law. (*See* Lodgment No. 4.) The state appellate court denied the claim, citing only state law. It did not address the federal constitutional claim made by Williams. (*See* Lodgment No. 3 at 4-6.) Accordingly, this Court must conduct an independent review of the record to determine whether the state court's denial of the claim was contrary to, or an unreasonable application of, clearly established Supreme Court law. *See Himes*, 336 F.3d at 853.

Respondent is correct that to the extent that Williams is claiming a violation of state evidentiary law, he is not entitled to federal habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (holding that federal habeas relief is not available for alleged violations of state law) ; *see also* 28 U.S.C. § 2254(a). Williams may still be entitled to relief, however, if he establishes the admission of evidence he had previously been convicted of a felony "'fatally infected the trial'" by rendering it fundamentally unfair. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 897 (9th Cir. 1996) (quoting *Kealohapauole v. Shimoda*, 800 F.3d 1463, 1465 (9th Cir. 1986).)

The essence of Williams' claim is that the trial judge should have prevented the jury from hearing evidence of his prior felony conviction because it made it more likely the jury would convict

---

[3] Williams also contends the state court's denial of his claim was based on an unreasonable determination of the facts in light of the evidence presented. (Traverse at 26.) He does not provide any support or evidence for this assertion, and, accordingly, the Court concludes this claim is without merit. *See James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) (holding that "[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief").

him of the current crime. This is, essentially, "propensity" evidence. The Ninth Circuit has stated that there is no clearly established Supreme Court law which holds that propensity evidence is inadmissible or violates due process because the Supreme Court expressly reserved deciding that issue in *Estelle v. McGuire*, 502 U.S. 62, 75 n.5 (1991). *See Mejia v. Garcia*, 534 F.3d 1036, 1046 (9th Cir. 2008); *Alberni v. McDaniel*, 458 F.3d 860, 864 (9th Cir. 2006). Where there is no clearly established Supreme Court law, a state court's denial of a claim cannot be said to be contrary to or an unreasonable application of clearly established Supreme Court law. *See Carey v. Musladin*, 549 U.S. 70, 76-77 (2006). As the Ninth Circuit has noted:

> The Supreme Court has made very few rulings regarding the admission of evidence as a violation of due process. Although the Court has been clear that a writ should be issued when constitutional errors have rendered the trial fundamentally unfair, [citation omitted], it has not yet made a clear ruling that admission of irrelevant or overtly prejudicial evidence constitutes a due process violation sufficient to warrant issuance of the writ. Absent such "clearly established Federal law," we cannot conclude that the state court's ruling was an "unreasonable application."

*Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th Cir. 2009) (citing *Williams*, 529 U.S. at 375 and *Musladin*, 549 U.S. at 77).

For the foregoing reasons, Williams is not entitled to federal habeas corpus relief. *Williams*, 529 U.S. at 412-13.

    3.    *Admission of Gonzalez's Out of Court Identification of Williams*

Williams also argues the state court improperly admitted evidence of Richard Gonzalez's out of court identification of Williams under California Evidence Code § 1235 as a prior inconsistent statement. (Pet. at 7, ECF No. 1; Mem. of P. & A. Supp. Pet. at 22, ECF No. 1-1; Traverse at 26-29, ECF No. 21; Lodgment No. 8 at 2-8.)[4] As with the preceding claim, Respondent first contends that this claim is matter of purely state law, for which federal habeas relief is unavailable. (Mem. of P. & A. Supp. Answer at 15-16, ECF No. 13-1.) Respondent also argues the state court's denial of the claim was neither contrary to, nor an unreasonable application of, clearly established Supreme Court law. (*Id.* at 16-19.)

---

[4] On page 28 of his Traverse, Williams argues admission of the curbside lineup evidence violated his Sixth Amendment confrontation clause rights under *Crawford v. California*, 541 U.S. 36, 68 (2004) (holding that "[w]here testimonial evidence is at issue . . . the Sixth Amendment demands was the common law required: unavailability and a prior opportunity for cross-examination"). (*See* Traverse at 28-29.) Because Gonzalez and Gastelum testified at trial and were subject to cross-examination, however, no *Crawford* violation occurred.

1    Williams raised this claim in the petition for review he filed in the California Supreme Court on
2  direct appeal. The California Supreme Court denied the petition for review without citation of authority.
3  (Lodgment No. 5.) Thus, this Court must "look through" to the state appellate court's opinion as the
4  basis for its analysis. *See Ylst*, 501 U.S. at 805-06. The state appellate court denied the claim, citing
5  only state law. Williams cited only state law in the petition for review. (*See* Lodgment Nos. 4, 8.) Any
6  federal claim relating to the admission of the extrajudicial identification, therefore, is unexhausted.
7  Nevertheless, this Court may deny the petition if it is "perfectly clear that the applicant does not raise
8  even a colorable federal claim." *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005).

9    Respondent is correct that to the extent that Williams is claiming a violation of state evidentiary
10 law, he is not entitled to federal habeas corpus relief. *Estelle*, 502 U.S. at 67-68; see also 28 U.S.C.
11 § 2254(a). As with the preceding claim, Williams may still be entitled to relief, however, if he
12 establishes the admission of the out of court identification "'fatally infected the trial'" by rendering it
13 fundamentally unfair. *Ortiz-Sandoval*, 81 F.3d at 897.

14   As Respondent correctly notes, the evidence was properly admitted under California law. "The
15 'fundamental requirement' of section 1235 is that the statement in fact be *inconsistent* with the witness's
16 trial testimony. 'Inconsistency in effect, rather than contradiction in express terms, is the test for
17 admitting a witness' prior statement . . . .'" *People v. Cowan*, 50 Cal. 4th 401, 462 (2010) (citations
18 omitted). When the record supports a conclusion that a witness' claims of memory loss or impairment
19 are simply a way to evade answering, prior inconsistent statements are admissible under Evidence Code
20 § 1235. *People v. Ervin*, 22 Cal. 4th 48, 83-84 (2000) (citations omitted).

21   Gonzalez testified in a contradictory manner regarding whether he identified Williams at the
22 curbside lineup. He first testified that he did not recognize any of the people brought to the curbside
23 lineup. (Lodgment No. 7, vol. 2 at 136.) He then stated that he did not identify Williams at the curbside
24 lineup. (*Id.* at 140). Gonzalez then claimed he told the detective he thought Williams was one of the
25 robbers, then finally admitted he told the detective with regard to Williams, "Yeah, that's him." (*Id.*)
26 Gonzalez also denied telling police that Williams had a gun. (*Id.* at 140.) Detective Allen was the
27 officer who conducted the curbside lineup with Gonzalez. (Lodgment No. 7, vol. 3 at 390.) He testified
28 / / /

Gonzalez identified Williams as the individual who came to the door selling CD's, the one who had the gun and the one who went into his sister's bedroom. (*Id*. at 395.)

The state appellate court properly and correctly applied California law to these facts and concluded Detective Allen's testimony was properly admitted as a prior inconsistent statement:

> Notwithstanding Gonzalez's express concession that he had identified both appellants at the curbside lineup, at trial Gonzalez plainly attempted to nonetheless suggest he was not able to positively identify either appellant at the curbside lineup. Thus the import of his trial testimony — that his curbside identification was not certain — directly contradicted the positive identification he gave the detective at the curbside lineup after having been admonished that he need not make any identification. The trial court committed no error in admitting Gonzalez's curbside identification.

(Lodgment No. 3 at 7-8.)

There was no error in the admission of Detective Allen's testimony under California law. Even if the testimony was improperly admitted, it did not render William's trial fundamentally unfair. *Ortiz-Sandoval*, 81 F.3d at 897. Other, properly admitted evidence tied Williams to the robbery. Detective Sylvester testified Gastelum identified Williams at the curbside lineup at one of the robbers. (Lodgment No. 7, vol. 3 at 413.) Items stolen from the residence, including two broken gold chains and computer printer ink cartridges, were found in Williams' car. (*Id.* at 342, 414, 443.) For all the foregoing reasons, Williams is not entitled to relief as to this claim.

    4.    *Insufficiency of the Evidence*

In his Traverse, Williams argues there was insufficient evidence presented at trial to support the "possession" element of the charge of being a felon in possession of a firearm. (Traverse at 23-26, ECF No. 21.) "A Traverse is not the proper pleading to raise additional grounds for relief." *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994). Additionally, this claim does not appear to be exhausted. Nevertheless, this Court may deny the petition if it is "perfectly clear that the applicant does not raise even a colorable federal claim." *Cassett*, 406 F.3d at 624.

In assessing a sufficiency of the evidence claim, the Supreme Court has stated that "'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Juan H. v. Allen*, 408 F.3d 1262, 1275 (9th Cir. 2005) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). In determining whether sufficient evidence has been presented, the Court must accept the

elements of the crime as defined by state law. *See Jackson*, 443 U.S. at 324, n.16; *Aponte v. Gomez*, 993 F.2d 705, 707 (9th Cir. 1993) (stating that federal courts are "bound by a state court's construction of its own penal statutes").

In California, the elements of the crime of being a felon in possession of a firearm is committed when "[a]ny person who has been convicted of a felony under the laws of the United States, the State of California, or any other state, government . . . and who . . .has in his or her possession . . . any firearm . . . ." Cal. Penal Code § 12021(a)(1). No proof of entry or felonious intent is necessary. One need only have been convicted of a felony and knowingly be in possession of a firearm. *See* Cal. Penal Code § 12021(a)(1); Judicial Council of California Criminal Jury Instructions (CALCRIM) No. 2511; *see also* Lodgment No. 647-48. As the instruction notes, "a person does not have to actually hold or touch something to possess it. It is enough if the person has control over it or the right to control it, either personally or through another person." (CALCRIM No. 2511.)

Richard Gonzalez testified he was at home when a man knocked on the front door. (Lodgment No. 7, vol. 2 at 114.) Only the screen portion of the door was closed. (*Id*. at 113.) One of Gonzalez' friends, Manuel Gastelum, opened the screen door. Two men forced their way in, one of whom was holding a gun. (*Id*. at 117-18.) One individual put the gun against Gastelum's neck. (*Id.* at 193.) The man holding the gun gave it to the other individual at one point. (*Id*. at 122.) Gastelum, who was also present, testified two men rushed into Gonzalez's house and placed a gun against his neck. (*Id.* at 193.) He testified that the shorter individual had the gun in his hand when they entered, but handed it to the taller of the two shortly after entering the residence. (*Id.* at 199.) Detective Allen testified Gonzalez identified Williams as the individual who "had the gun and went into my sister's bedroom." (Lodgment No. 7, vol. 3 at 395.) "'[V]iewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime [of being a felon in possession of firearm] beyond a reasonable doubt.'" *Juan H.*, 408 F.3d at 1275.

## IV. CONCLUSION

The Court submits this Report and Recommendation to United States District Janis L. Sammartino under 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c)(1)(c) of the United States District Court for the Southern District of California. For the reasons outlined above, IT IS HEREBY

RECOMMENDED that the Court issue an order: (1) approving and adopting this Report and Recommendation, and (2) directing that Judgment be entered **DENYING** the request for an evidentiary hearing and **DENYING** Petition for Writ of Habeas Corpus.

IT IS ORDERED that no later than **June 10, 2011** any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to the objections shall be filed with the Court and served on all parties no later than **June 24, 2011.** The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED: May 20, 2011

Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court